UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ZAMARIA METCALF,<br><br>                      Plaintiff,<br><br>v.<br><br>STATE OF MICHIGAN et al.,<br><br>                      Defendants. | Case No. 21-12242<br>Honorable Shalina D. Kumar<br>Magistrate Judge David R. Grand |

**OPINION AND ORDER DENYING STATE DEFENDANTS' MOTION FOR RECONSIDERATION (ECF NO. 25)**

The State of Michigan (the State), the Michigan Department of Health and Human Services (DHHS), and Patricia Neitman (collectively, the State Defendants) move for reconsideration of the Court's order granting in part and denying in part the State Defendants' motion to dismiss (ECF No. 23). ECF No. 25. For the reasons below, the State Defendants' motion for reconsideration is **DENIED**.

Plaintiff Zamaria Metcalf brought disability discrimination claims under Title II of the American with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution against the State Defendants, the Ennis Center for Children Inc., Ashley Curtis, and Stephanie Miller for their roles in the disability-based denial of Metcalf's foster parent application.

The State Defendants moved to dismiss, arguing in part that sovereign immunity bars Metcalf's ADA claims against the State and DHHS. The Court disagreed, concluding that Congress validly abrogated sovereign immunity for ADA claims involving the denial of access to public services and programs—the conduct underlying Metcalf's ADA claims. The State Defendants now move the Court to reconsider this conclusion.

Eastern District of Michigan Local Rule 7.1(h)(2) articulates that motions for reconsideration of non-final orders are disfavored and may be brought only upon the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (B) An intervening change in controlling law warrants a different outcome; or
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2). A motion for reconsideration is not a proper means "to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mt. Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). "Fundamentally, 'a motion for reconsideration is not a second bite at the apple[.]'" *Masjid Malcolm Shabazz House of Worship, Inc. v. City*

*of Inkster*, 2022 WL 866402, at *7 (E.D. Mich. Mar. 23, 2022) (quoting *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011)).

State Defendants argue that Congress could not abrogate sovereign immunity for claims like Metcalf's—ADA claims sounding in equal protection—relying on *Popovich v. Cuyahoga Cnty. Ct. of Common Pleas*, 276 F.3d 808 (6th Cir. 2002). However, State Defendants previously argued that Congress *did not* abrogate sovereign immunity for Metcalf's claims and cited *Popovich* in support. ECF No. 16, PageID.80 ("[Metcalf] does not present a viable ADA or equal protection claim. . . . Accordingly, the ADA does not abrogate Eleventh Amendment immunity here . . . ."). Because State Defendants could have but did not go further to make the argument they now make, reconsideration of the Court's order is not warranted.

Even so, their argument fails on the merits. The Sixth Circuit has clarified that sovereign immunity bars ADA claims sounding in equal protection where a plaintiff seeks heightened scrutiny—but not where a plaintiff seeks only rational basis review of the conduct at issue. *Mingus v. Butler*, 591 F.3d 474, 483 (6th Cir. 2010); *Babcock v. Michigan*, 812 F.3d 531, 534 (6th Cir. 2016). In *Mingus*, the plaintiff claimed that without any

rational basis, he was treated differently than inmates with fewer or less serious disabilities. *Mingus*, 591 F.3d at 483. Because the plaintiff "d[id] not claim to deserve heightened scrutiny as a member of a suspect class but instead challenge[d] the rational basis for [the defendant's] actions," the plaintiff's ADA claim abrogated the state's sovereign immunity. *Id.*

Here, as in *Mingus*, Metcalf does not claim to deserve heightened scrutiny as a member of a suspect class. *Id.* Instead, she claims she was "den[ied] access to the foster care licensing system by reason of her disability" and due to a state policy "irrationally exclud[ing] persons with disabilities from participating in the State's foster care program." ECF No. 1, PageID.12. Metcalf admits that disability status is not a suspect class. ECF No. 18, PageID.124-25. But she argues that the denial of her foster parent application does not pass rational basis review. *Id.* at PageID.126. Because Metcalf's ADA claims sound in rational-basis equal protection, they are the kind of claims for which Congress had the authority to abrogate sovereign immunity. *See Mingus*, 591 F.3d at 483.

Put differently, Congress validly abrogated the State's sovereign immunity for ADA claims involving the denial of access to public services and programs, as this Court concluded. *See* ECF No. 23. The Court finds no mistake in its order.

For the reasons above, the State Defendants' motion for reconsideration (ECF No. 25) is **DENIED**.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: August 2, 2023